**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**AUGUST SESSION, 1998**



**FILED**

**October 26, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9801-CC-00016** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **DECATUR COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. JULIAN P. GUINN** |
| **JOSEPH LEE MCDANIEL, JR.)** | | **JUDGE** |
| | **)** | |
| Appellant. | **)** | **(Direct Appeal)** |

FOR THE APPELLANT:

JOSEPH LEE MCDANIEL, JR.
Pro Se
Hardeman County Corr. Facility
P. O. Box 549
Whiteville, TN  38075

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

ROBERT RADFORD
District Attorney General

JERRY WALLACE
Assistant District Attorney
Decaturville, TN  38329

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The Appellant, Joseph Lee McDaniel, Jr., was convicted by a Decatur County jury of one count of reckless endangerment, a Class E felony. The trial court sentenced him as a Range I offender to two (2) years incarceration. On appeal, Appellant challenges the sufficiency of the convicting evidence and argues that his sentence is excessive. After a review of the record before this Court, we find no error and affirm the trial court's judgment.

## FACTS

At approximately 10:00 p.m. on September 7, 1993, Owen Jimmy Keefus was traveling eastbound on Interstate 40, several miles west of Exit 126 in Decatur County. Keefus was driving his tractor trailer in the right lane of I-40 East when a red pick-up truck passed him on the right shoulder traveling at approximately 75 to 80 miles per hour. When the truck pulled in front of him, Keefus noted that the license plate number on the truck read "YKK-200." The truck then passed a U-Haul which was traveling in front of Keefus and proceeded eastbound in the right lane. Keefus also passed the U-Haul, and when he pulled alongside the pick-up in the left lane, he saw the driver's arm extended out of the window, saw "a flash" and then heard something hitting his truck. Although he did not hear gunshots, Keefus saw that the driver was holding a small firearm. During the incident, he was able to fully observe the person in the pick-up truck and identified him at trial as the Appellant.

After the altercation, Keefus pulled his vehicle to the side of the road and radioed for assistance. He observed marks on his vehicle resembling bullet holes which had not been present prior to this incident.

Shortly thereafter, Tennessee Highway Patrolman James Blackmon arrived at the scene. Keefus gave him the vehicle's license plate number and a description of the vehicle and the driver. Upon his inquiry as to the license plate number, Trooper Blackmon learned that the pick-up was registered to the Appellant. Blackmon later spoke with Appellant, who conceded that Keefus' description of the driver and pick-up was a "pretty close" description of him and his vehicle.

Appellant was subsequently indicted on one (1) count of aggravated assault with a deadly weapon. At trial, Troopers Blackmon and Roy Kent Yoquelet testified that the markings on the victim's vehicle appeared to have been caused by gunfire. Further, Trooper Yoquelet stated that he saw a bullet lodged in the radiator of Keefus' vehicle.

Appellant presented an alibi defense at trial through the testimony of Patricia Crum. Crum, a Mississippi resident and business associate of Appellant, testified that she was with the Appellant on September 7, 1993. She and Appellant had a business meeting in Memphis at approximately 2:00 p.m., and Appellant later joined her and her husband for dinner in Memphis. Crum testified that after dinner, Appellant followed her and her husband to their home in Mississippi and did not leave until after 1:00 a.m. on September 8.

Appellant also presented the testimony of Steven Russell, an investigator with the Tennessee Department of Safety. Russell stated that no bullets or bullet fragments were recovered from the victim's vehicle. However, even though no

ballistics expert examined the victim's vehicle, Russell testified that, in his opinion, a bullet projectile caused the damage to Keefus' truck.

At the conclusion of the proof, the jury returned a guilty verdict for the lesser offense of felony reckless endangerment. A date for sentencing was set, but Appellant failed to appear. He was eventually apprehended in Arkansas in April 1997. The trial court thereafter sentenced him as a Range I offender to two (2) years incarceration. From his conviction and sentence, Appellant brings this appeal.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends that the evidence is insufficient for a reasonable trier of fact to conclude that he is guilty beyond a reasonable doubt.[1] He argues that the victim's testimony is contradictory in several respects, and therefore, this Court should disregard his testimony in its entirety. He further claims that because the state failed to present a weapon, a bullet or expert ballistics testimony at trial, the jury was allowed to speculate as to whether the crime was committed with a deadly weapon.

### A.

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt

---

[1] Appellant concedes that no motion for new trial was filed "within thirty (30) days of the date the order of sentence is entered" as mandated by Tenn. R. Crim. P. 33(b). Thus, all issues which may result in the granting of a new trial are waived. Tenn. R. App. P. 3(e); State v. Sowder, 826 S.W.2d 924, 926 (Tenn. Crim. App. 1991). While Appellant correctly notes that this Court may review the record for errors which affect the substantial rights of the accused, *see* State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997), no such error is apparent from our review of the record.

predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Id. Indeed, "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

**B.**

Appellant claims that several aspects of Keefus' testimony were inconsistent; therefore, his testimony should be disregarded in its entirety. First, he complains that Keefus' testimony concerning the time of the incident was contradictory. During his direct testimony, Keefus stated that the altercation

occurred between 10:00 and 10:30 p.m. However, on cross examination, he was confronted with a report to his employer whereby he related the time of the incident as 9:00 p.m. Although Keefus initially denied making the statement, he eventually conceded that he gave his employer the wrong time. Keefus testified that at the time he reported to his employer he was possibly confused as a result of the stress of having a weapon fired at him. Furthermore, Keefus' testimony concerning the time of the incident was corroborated by the testimony of Troopers Blackmon and Yoquelet, who testified that the incident occurred shortly after 10:00 p.m.

Appellant also claims that other portions of Keefus' testimony were conflicting. However, any trivial inconsistencies were resolved by the trier of fact. This issue is without merit.

**C.**

Appellant also contends that because the state did not present a weapon, a bullet or expert ballistics testimony at trial, the jury was allowed to speculate whether the crime was committed with a deadly weapon.

Reckless endangerment is defined as "recklessly engag[ing] in conduct which places or may place another person in imminent danger of death or serious bodily injury." Tenn. Code Ann. 39-13-103(a) (1991). Reckless endangerment that is committed with a deadly weapon is a Class E felony. Tenn. Code Ann. 39-13-103(b) (1991).

Keefus testified that when he pulled alongside the Appellant, he saw the Appellant pointing a small firearm at him, saw "a flash" and then heard something hitting his truck. Although he did not hear gunshots, Keefus examined his vehicle and observed marks which resembled bullet holes. Additionally, Troopers Blackmon and Yoquelet testified at trial that the markings on the victim's vehicle

appeared to have been caused by gunfire, and Trooper Yoquelet saw a bullet lodged in the radiator of Keefus' vehicle. Furthermore, Investigator Russell, a defense witness, opined that the damage to the victim's vehicle was caused by a bullet projectile.

In light of the foregoing, we conclude that a rational juror could conclude that the crime was committed with a deadly weapon. Certainly, firing a weapon at a vehicle while traveling at high speeds on a public roadway constitutes "conduct which places or may place another person in imminent danger of death or serious bodily injury." Tenn. Code Ann. 39-13-103(a) (1991). Moreover, there is overwhelming evidence that Appellant was the perpetrator of the crime. The victim identified Appellant at trial, and the license plate "YKK-200" was registered in Appellant's name.

The evidence is more than sufficient to support Appellant's conviction for felony reckless endangerment.

## SENTENCING

In his next issue, Appellant asserts that the trial court imposed an excessive sentence of two (2) years for felony reckless endangerment. However, Appellant failed to include the transcript of the sentencing hearing in the record for this Court's review. It is the duty of the Appellant to prepare an adequate record for appellate review. Tenn. R. App. P. 24(b). "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). In the absence of an adequate record on appeal, this Court must

presume that the trial court's rulings are supported by sufficient evidence. <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Because Appellant failed to submit the sentencing hearing transcript in the record, we must presume that the trial court sentenced him correctly. *See* <u>State v. Carey</u>, 914 S.W.2d 93, 97 (Tenn. Crim. App. 1995); <u>State v. Ivy</u>, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). This issue is without merit.

## CONCLUSION

We conclude that the evidence is sufficient for a rational trier of fact to find Appellant guilty of felony reckless endangerment beyond a reasonable doubt. Moreover, Appellant's failure to submit the sentencing hearing transcript results in a waiver of his sentencing issue. Accordingly, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE